Filed 7/17/26  In re Em.A. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re EM.A., a Person Coming Under the Juvenile Court Law. | B350521, B352345 (Los Angeles County Super. Ct. No. 25CCJP01971) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>D.M.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Case No. B350521 dismissed as moot.  Case No. B352345 affirmed.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Jacklyn K. Louie, Assistant County Counsel, and Sarah Vesecky, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

In this consolidated appeal, D.M. (mother) appeals from the juvenile court's assertion of jurisdiction over her daughter Em.A, and also appeals from a custody order granting father Er.A (father) one 2-hour monitored visit per year on Father's Day.

The juvenile court has terminated jurisdiction and awarded full custody to mother. Her jurisdictional challenge is moot, and we dismiss that appeal.

Mother forfeited her challenge to the visitation order by not objecting to it below. Even if she had not, it was not an abuse of discretion for the juvenile court to grant father one brief monitored visit per year. We affirm the custody order.

## BACKGROUND

In June 2024, the Los Angeles County Department of Children and Family Services (DCFS) received a referral that mother had filed a domestic violence complaint against father. According to the referral, mother and father were arguing, and father choked mother nearly to the point of unconsciousness while she was holding newborn Em.A. Father then kicked mother in the buttocks.

DCFS investigated and found inconclusive the allegations of physical and emotional abuse, but found an allegation of general neglect substantiated. "Mother and father acknowledged the seriousness of the incident," and mother obtained a temporary restraining order against father. The parents agreed

2

to a plan in which mother would request the family law court grant her custody of Em.A. with monitored visitation for father. Mother declined parenting and domestic violence services, stating she was already attending a parenting group and did not intend to reunify with father.

In May 2025, DCFS received a referral that on April 16, 2025, father and mother again got into an argument, and father grabbed mother's neck and strangled her for 10 seconds. Mother told the reporting party Em.A. was in another room of the home at the time. When DCFS investigated, mother stated she and father were not living together, but she had allowed him to come over because he had gotten into a fight with paternal grandmother and "needed a place to be." "Mother acknowledged that she did not make the right decision in allowing him over, and she won't make that mistake again."

Following further investigation, DCFS filed a petition under Welfare and Institutions Code[1] section 300 requesting the juvenile court take jurisdiction over Em.A. The petition alleged the parents "have a history of engaging in violent altercations in the child's presence and in the child's home," including the two incidents in which father choked mother and unspecified prior occasions of domestic violence. Under section 300, subdivision (a), the petition alleged father's "violent conduct" endangered Em.A. Under section 300, subdivision (b)(1), the petition alleged both that father's violent conduct put Em.A. in danger, and "[t]he mother failed to protect the child in that the

_____

[1] Unspecified statutory citations are to the Welfare and Institutions Code.

mother allowed the father to reside [in] and frequent the child's home and have unlimited access to the child."

Father was not present at the adjudication hearing on September 23, 2025. The juvenile court sustained the count under section 300, subdivision (b)(1) against mother and dismissed the count under subdivision (a). At the disposition hearing on October 14, 2025, the court ordered Em.A. removed from father and placed in the home of mother under DCFS supervision.

On January 22, 2026, the juvenile court granted mother sole legal and physical custody of Em.A. The court granted father one 2-hour monitored visit per year on Father's Day, with father providing 48 hours advance notice and paying for the monitor. The court terminated jurisdiction.

Mother timely appealed from the jurisdictional order and the custody order. We consolidated the appeals for purposes of briefing, oral argument, and decision.

## DISCUSSION

### A. Mother's Challenge to the Jurisdictional Order Is Moot

In case No. B350521, mother argues substantial evidence does not support the jurisdictional findings against her. She acknowledges that at the time of the May 2025 referral, "[T]here may have been legitimate concerns that [mother] might not remain separated from [father] or could not protect [Em.A.] from him," but by the time of the jurisdiction hearing in September 2025, the evidence showed mother and father were indeed separated and mother was protecting Em.A. from further contact with father.

4

Because the juvenile court has returned Em.A. to mother's custody and terminated jurisdiction, mother's challenge is moot. (See *In re D.P.* (2023) 14 Cal.5th 266, 282 (*D.P.*) [termination of jurisdiction moots challenge to jurisdictional findings when those findings have no nonspeculative legal or practical consequence to appealing parent].)

Mother argues her appeal is not moot because "[s]he remains at peril for being placed on the Child Abuse Central Index (CACI)." (See *In re S.R.* (2025) 18 Cal.5th 1042, 1048 [appeal from jurisdictional finding not moot if child welfare agency "must report the allegation underlying the court's finding for inclusion in the CACI"].) Penal Code section 11169, subdivision (a) requires reporting of "child abuse or severe neglect." Child abuse is "physical injury or death inflicted by other than accidental means upon a child." (*Id.*, § 11165.6.) Severe neglect is either "the negligent failure . . . to protect the child from severe malnutrition or medically diagnosed nonorganic failure to thrive," or "those situations of neglect where any person having the care or custody of a child willfully causes or permits the person or health of the child to be placed in a situation such that their person or health is endangered . . . ." (*Id.*, § 11165.2, subd. (a).)

Mother fails to show her conduct as found by the juvenile court must be reported for inclusion in the CACI. DCFS did not allege, and accordingly the juvenile court did not find, that mother injured Em.A. at all, much less nonaccidentally, nor did DCFS allege mother "willfully" placed Em.A. in danger. Mother's conduct would seem at worst to be " '[g]eneral neglect,' " which includes a "negligent failure . . . to provide adequate . . . supervision where no physical injury to the child has occurred."

(Pen. Code, § 11165.2, subd. (b).) General neglect "is not reportable in the CACI." (*In re Landon M.* (July 2, 2026, B349454) __ Cal.App.5th __ [2026 Cal.App.Lexis 405, at p. *16].) Indeed, mother concedes "that her placement on CACI is probably not mandatory."

To the extent mother speculates she *may* be placed on CACI, even if such placement is not mandatory, this is insufficient to avoid mootness. (See *D.P.*, *supra*, 14 Cal.5th at p. 280 [absent indication parent's conduct was or will be reported for inclusion in the CACI, parent's "CACI claim [is] too speculative to survive a mootness challenge"].)

Mother alternatively argues we should exercise our discretion to resolve her appeal on the merits because a ruling in her favor would render her nonoffending. (*D.P.*, *supra*, 14 Cal.5th at p. 282 ["Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute."].) She cites *In re B.H.* (2024) 103 Cal.App.5th 469, which stated, " ' "[W]hen . . . the outcome of the appeal could be 'the difference between [a parent] being an "offending" parent versus a "non-offending" parent,' a finding that could result in far-reaching consequences with respect to these and future dependency proceedings, we find it appropriate to exercise our discretion to consider the appeal on the merits[.]" ' " (*Id.* at p. 482, fn. 5.)

Apart from citing *B.H.*, mother does not explain what consequences might stem from the jurisdictional findings against her, or why this case otherwise merits our discretionary review. We therefore dismiss the appeal as moot.

## B. Mother Has Forfeited Her Challenge to the Custody Order

In case No. B352345, mother challenges the custody order granting father one 2-hour monitored visit with Em.A. each year on Father's Day. Mother argues father's violent tendencies put Em.A. at risk.

Mother did not object to the visitation order below, and therefore has forfeited the argument. (*In re A.B.* (2014) 225 Cal.App.4th 1358, 1366 [" 'As a general rule, a party is precluded from urging on appeal any point not raised in the trial court.' "].) Even if she had not, mother concedes the juvenile court granted what "is probably the most restrictive visitation order possible," and we agree. Although mother argues the juvenile court was not required to grant any visitation, we cannot conclude it was an abuse of discretion to grant father one brief monitored visit per year. (*In re J.P.* (2019) 37 Cal.App.5th 1111, 1119 ["Visitation orders in dependency cases . . . will not be reversed absent a 'clear showing of an abuse of discretion.' "].)

## DISPOSITION

In case No. B350521, the appeal is dismissed as moot. In case No. B352345, the custody order is affirmed.

NOT TO BE PUBLISHED.


BENDIX, J.

We concur:


ROTHSCHILD, P. J.          WEINGART, J.

7